IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11CV372-RJC-DSC

| | |
|---|---|
| DIANN UUSTAL and THOMAS UUSTAL, ) ) Plaintiffs, ) v. ) ) MARRIOT INTERNATIONAL , INC., d/b/a ) CHARLOTTE MARRIOTT CITY CENTER, ) et. al., ) ) Defendants. ) ) ) | **O R D E R** |

**THIS MATTER** is before the Court on "Defendant Renaissance Hotel Operating Company's Motion to Compel Production" (document #13) and the parties' associated briefs and exhibits. See documents ## 14, 15, and 20.

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1), and is now ripe for the Court's consideration.

Defendant seeks an order compelling Plaintiff Diann Uustal to produce a complete set of her medical records as requested in Defendant's Request for Production of Documents and Tangible Things No. 7, or alternatively, to provide signed releases for every health service provider that provided care and/or treatment to Ms. Uustal since January 1, 2001.

In their Response, Plaintiffs do not object to Defendant's Request for Production of Documents and Tangible Things No. 7 or to Defendant obtaining copies of Ms. Uustal's past medical records. (Document #15 at 1). The issue is what effort Plaintiffs must make to provide Ms. Uustal's complete medical records to Defendant. Plaintiffs cite no authority and the Court is not aware of any to support their position that "it is not [their] burden to investigate every name found in Plaintiff's past medical records and provide a specific release addressed to those medical

providers." Id.  The Court finds to the contrary that it is Plaintiffs' obligation as a litigant to provide a complete set of the requested medical records or execute releases authorizing Defendant to obtain those records from her medical providers.

For this reason as well as the other reasons stated in Defendant's brief, the Motion is **GRANTED**.

**IT IS HEREBY ORDERED** that:

1. On or before August 27, 2012, Plaintiffs shall produce a complete set of Plaintiff Diann Uustal's medical records in response to Defendant Renaissance Hotel's Request for Production of Documents and Tangible Things No. 7.  In the alternative, on or before August 13, 2012, Plaintiffs shall provide fully executed releases for every health service provider that provided care and/or treatment to Plaintiff Diann Uustal on or after January 1, 2001.

2. The Clerk is directed to send copies of this Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: August 2, 2012

David S. Cayer
United States Magistrate Judge