IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:11-cv-0372-RJC-DSC

| | |
|---|---|
| DIANN UUSTAL and THOMAS UUSTAL,<br><br>  Plaintiffs,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL, INC., d/b/a CHARLOTTE MARRIOTT CITY CENTER, RENAISSANCE HOTEL OPERATING COMPANY, and CARTMAN HOTEL, LLC, Jointly and Severally<br><br>  Defendants. | **PROTECTIVE ORDER** |

  Upon Motion of Defendant Renaissance Hotel Operating Company ("Renaissance Hotel"), for good cause shown, and with the consent of Plaintiffs, and to expedite the discovery process and facilitate the prompt resolution of disputes over confidentiality, and it appearing that the Motion is well taken and should be granted;

  IT IS THEREFORE ORDERED, that the following Protective Order is entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

  1. This Order shall govern the use and dissemination of all information, documents, or materials that are produced in this action and designated as "Confidential".

  2. The term "document" or "documents," as used in this Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure.

  3. The term "Confidential Information," as used in this Order, is defined to include (a) information, documents, or materials not in the public domain that are so proprietary, competitively, or commercially sensitive that their public disclosure is likely to cause competitive injury, (b)

matters that constitute or contain trade secrets pursuant to the applicable law of the State of North Carolina, and (c) information, documents, or materials otherwise protectable under applicable law.

**Confidential Information**

4. Any party (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document, or material that it reasonably and in good faith believes constitutes or contains Confidential Information, personal information, information protected from disclosure by contractual obligations with third-party vendors, or is otherwise protectable under applicable law. The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: "**CONFIDENTIAL**."

5. Deposition or other pretrial testimony may be designated "Confidential" by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Confidential Information has been disclosed during deposition or other pretrial testimony, the court reporter shall include on the cover page the following indication: "**DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER**." Within thirty (30) business days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential Information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as "Confidential" and amend the cover page to reflect that these specific designations have been made. Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as "Confidential", if so designated at the deposition. The parties may

modify the designation procedure for deposition or pretrial testimony through agreement on the record or by written stipulation without further Order of the Court.

      6.      Confidential Information may be disclosed only to:

           a.      This Court and its personnel, including any jury members impaneled in this action;

           b.      The mediator;

           c.      Outside counsel of record and in-house counsel in this action (including staff persons employed by such counsel);

           d.      Any person who authored, prepared, reviewed, or received the document or material in the ordinary course of business and current and former employees, officers, directors, agents, or representatives of the parties or affiliated entities whose review of the Confidential Information is necessary to the case;

           e.      Court reporters used in any deposition in this action; and

           f.      Expert witnesses and consultants in this action, if any (including staff persons employed by any such experts or consultants).

      7.      If a party wishes to disclose Confidential Information to any person not described in Paragraph 6 of this Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

      8.      Prior to obtaining access to Confidential Information, any person to whom Confidential Information may be disclosed pursuant to Paragraph 7 hereof, shall be shown and shall read a copy of this Order and shall agree in writing to be bound by its terms by signing a copy of the

Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

9. Where any Confidential Information or information derived from Confidential Information is included in any Court filing, such filing shall be marked "**CONFIDENTIAL**" and placed in a sealed envelope marked with the caption of the case, filed and held under seal. The filing party shall take all necessary steps to ensure that any such Confidential Information or information derived from Confidential Information will be maintained under seal by the Court. The party submitting particular documents under seal shall accompany that submission with a motion to seal and a supporting memorandum of law in which the movant specifies the interests which would be served by restricting public access to those documents. The Court will grant the motion only after providing adequate notice to the public and opportunity for interested parties to object, after carefully weighing the interests advanced by the movant and those interests favoring public access to judicial documents and records, and upon finding that the interests advanced by the movant override any common law or constitutional right of public access which may attach to the document(s). Documents submitted under seal in accordance with this paragraph shall remain under seal pending the court's ruling. If the party desiring that the information be maintained under seal does not timely file a motion to seal, then the materials will be deemed unsealed, without need for order of the Court.

## General Provisions

10. Except to the extent expressly authorized in this Order, Confidential Information shall not be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of Paragraph 21.

11. Any summary, compilation, notes, copy, electronic image or database containing Confidential Information shall be subject to the terms of the Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

12. Delivery of documents or materials that contain Confidential Information and by counsel for the parties in this action (including office staff for such counsel) to reputable persons or companies providing photocopying or messenger services that do not involve the substantive review of the documents or materials shall neither be considered disclosure of Confidential Information, nor require counsel to inform such person or companies of the provisions of this Order or obtain and executed Confidentiality Acknowledgment from any such persons or companies.

13. Any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the Bates range corresponding to the beginning and end of each document subject to objection as well as the bates number of the particular page or pages of such documents that actually contain the designated material to which the objection is made. The parties shall, within fifteen (15) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be redesignated as appropriate. If a motion is filed, information

subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is re-designated or ceases to be subject to the protection of this Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the re-designation or removal as appropriate.

14. Inadvertent failure to designate any information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within fifteen (15) days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the return to the Designating Party of all copies of the inadvertently mis-designated documents and for the substitution, where appropriate, of properly labeled copies. In the case of inadvertently produced privileged and/or work product documents, upon request of the Producing Party, the documents together with all copies thereof and any notes made therefrom shall be returned immediately to the party claiming privilege and/or work product immunity. Renaissance Hotel does not waive any claim of privilege or work product for any document as to which it presently asserts a claim of privilege or work product in any jurisdiction or proceeding.

15. Nothing in this Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials.

16. Nothing in this Order shall be deemed to restrict or limit: (a) the use or disclosure of documents, materials, or information that is otherwise publicly available; or (b) the use and disclosure of documents, materials, or information that a party obtains from a third-party.

17. If counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential Information that a party has obtained under the terms of this Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two

(2), or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential Information, until the Designating Party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

18. This Order shall not prevent any of the parties from moving this Court for an order that Confidential Information may be disclosed other than in accordance with this Order. This Order is without prejudice to the right of any party to seek modification of it from the Court. It shall remain in effect until such time as it is modified, amended or rescinded by the Court. This Order does not affect any party's rights to object to discovery on any grounds or to assert any legally cognizable privilege to withhold any document or information.

19. This Order is not intended to govern the use of Confidential Information at any trial of this action. Questions of the protection of Confidential Information during trial will be presented to the Court and the Designating Party prior to or during trial as each party deems appropriate.

20. This Court shall have continuing jurisdiction to modify, enforce, interpret or rescind this Order, notwithstanding the termination of this action.

21. The ultimate disposition of documents or materials that contain Confidential Information shall be subject to a final order of the Court on the completion of litigation, including the exhaustion of all appeals.

**SO ORDERED.**               Signed: October 26, 2012

David S. Cayer
United States Magistrate Judge